UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL PATTON,
CDCR #AV-5870,

                Plaintiff,

      vs.

OFFICER FLORES, et al.,

             Defendants.

Case No.:  3:19-cv-0659-WQH-LL

**ORDER:**

**1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]; and**

**2)  SUA SPONTE DISMISSING COMPLAINT PURSUANT TO FRCP 8 AND 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)**

Michael Patton ("Plaintiff"), incarcerated at California State Prison – Los Angeles County ("CSP-LAC") located in Lancaster, California, is proceeding pro se in this case with a civil rights Complaint ("Compl.") filed pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Plaintiff has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

In support of his Motion to Proceed IFP, Plaintiff has submitted a copy of his CDCR Inmate Statement Report. (Doc. No. 2 at 6.) *See also* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows that Plaintiff had no available balance at the time of filing. (Doc. No. 2 at 6.) Based on this accounting, no initial partial filing fee is assessed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (Doc. No. 2), declines to exact any initial filing fee because his prison trust account statement indicates he has "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Acting Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II.    Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A

### A.    Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"

3

*Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

/ / /

/ / /

/ / /

C.    Discussion

As an initial matter, Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim upon which relief may be granted.  *See Iqbal*, 556 U.S. at 677-78; 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1).

1.    Rule 8

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). *See Iqbal*, 556 U.S. at  677-78. In addition to the grounds for sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations.").

Here, Plaintiff has filed a Complaint against fifteen (15) Defendants.  (Doc. No. 1.) However, rather than providing specific factual allegations against each named Defendant, Plaintiff "incorporates by reference" multiple administrative grievances he apparently filed against the named Defendants and responses by various CDCR officials. (*Id.* at 6-11.)  Plaintiff has attached seventy three (73) pages of administrative grievances from which the Court would have to wade through to determine the claim Plaintiff is attempting to bring and how that claim is related to each individual Defendant.  (*Id.* at 52-124.)  While "legal conclusions" like "cruel and unusual punishment" "can provide the framework of a complaint, they must be supported by factual allegations," lest the

Plaintiff face dismissal. *Iqbal*, 556 U.S. at 678.

While "much liberality is allowed in construing *pro se* complaints, a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, at *2 (S.D. Texas 2017). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

The Court finds Plaintiff's Complaint violates Rule 8 of the FRCP. Moreover, Plaintiff's Complaint violates the Court's local rule that provides, in part, that "[c]omplaints by prisoners under the Civil Rights Act, 42 U.S.C. § 1983" are to be written on forms "supplied by the court" and "additional pages not to exceed fifteen (15) in number." S.D. Cal. CivLr 8.2(a). Accordingly, the Court DISMISSES the entire Complaint on Rule 8 grounds, and for violating the Court's local rules, but will permit Plaintiff to file an amended pleading that complies with Rule 8 and S.D. Cal. CivLr 8.2(a).

### 2. Verbal Harassment

Plaintiff alleges Defendant Flores spoke to him in a "very disrespectful/provoking way despite the fact that [Plaintiff] didn't speak to him this way." (Comp. at 4.) Plaintiff also claims Defendant Corcoran "start[ed] speaking to [him] in a very hostile way." (*Id.*) However, an inmate "being subjected to abusive language ... [v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (quotations omitted), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008)); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended on denial of rehr'g,* 135 F.3d 1318 (9th Cir. 1998)

(holding verbal harassment, standing alone, does not violate the Eighth Amendment); *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (Eighth Amendment protections "do not necessarily extend to mere verbal sexual harassment."); *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 903-04 (N.D. Cal. 2004). Such conduct, while unprofessional, and impertinent, does constitute the "unnecessary and wanton infliction of pain" required to sustain an Eighth Amendment violation. *See, e.g., Blueford v. Prunty*, 108 F.3d 251, 256 (9th Cir. 1997) (affirming summary adjudication in favor of the prison officials where "the only arguably sexually harassing conduct... was verbal"); *Zavala v. Barnik*, 545 F. Supp. 2d 1051, 1059 (C.D. Cal. 2008) (finding comments about Plaintiff's racial, ethnic, or alienage background insufficient to state a claim), *aff'd sub nom. Zavala v. Bartnik*, 348 F. App'x 211 (9th Cir. 2009).

3. <u>Grievance processing</u>

Plaintiff's claims as to Defendant Lewis are far from clear but he appears to claim that Lewis did not permit Plaintiff to keep a copy of his administrative grievance. (*See* Compl. at 5.)

A prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of […] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted).

/ / /

/ / /

3:19-cv-0659-WQH-LL

### 4. Retaliation

Plaintiff alleges that Defendants Billingsley and Terronez "confiscated personal property" in "retaliation" for a "prior appeal" he had filed against Defendant Miller. (Compl. at 2.)

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

A retaliation claim has five elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). First, Plaintiff must allege that the retaliated-against conduct is protected. *Watison*, 668 F.3d at 1114.[2] Second, Plaintiff must allege Defendants took adverse action against him.[3] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Third, Plaintiff must allege a causal connection between the adverse action and the protected conduct.[4] *Watison*, 668 F.3d at 1114. Fourth, Plaintiff must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted).[5] Fifth, Plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." *Rizzo*, 778 F.2d at 532; *Watison*, 668 F.3d at 1114-15. While Plaintiff may have alleged the first two elements of a retaliation claim, he falls far

---

[2] The filing of an inmate grievance is protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

[3] The adverse action need not be an independent constitutional violation. *Pratt*, 65 F.3d at 806. "[T]he mere threat of harm can be an adverse action...." *Brodheim*, 584 F.3d at 1270.

[4] Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *Watison*, 668 F.3d at 1114 (citing *Pratt*, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.")).

[5] "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11.

short of pleading the necessary causation element or any of the other elements of a retaliation claim. Plaintiff offers no facts to demonstrate how Billingsley or Terronez were aware of the grievance he had filed against Miller and how that served as the motivation for the alleged cell search. He offers no factual allegations tying the actions of Billingsley and Terronez with the actions of Miller. *Watison*, 668 F.3d at 1114; *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (retaliation claims requires a showing that Plaintiff's protected conduct was "the 'substantial' or 'motivating' factor behind the defendant's conduct.").

Moreover, Plaintiff does not allege facts to show why the actions of Billingsley and Terronez "would chill or silence a person of ordinary firmness from future First Amendment activities," *Rhodes*, 408 F.3d at 568, and as currently pleaded, Plaintiff fails to claim that he "suffered some other harm," *Brodheim*, 584 F.3d at 1269, that was "more than minimal." *Rhodes*, 408 F.3d at 568 n.11. Finally, Plaintiff fails to allege Defendants' "failed to advance a legitimate goal of the correctional institution." *Rizzo*, 778 F.2d at 532; *Watison*, 668 F.3d at 1114-15.

### 5. Conspiracy

Plaintiff alleges Defendant Ariko[6] was "acting in collusion and by way of proxy conspiracy in conjunction with c/o Miller, c/o Billilngsley, c/o Terronez, c/o Dias or Diaz, c/o Resler, Lt. or Sgt. Palamino." (Compl. at 3.)

To state a claim for conspiracy under section 1983, Plaintiff's Complaint must contain sufficient "factual matter," and not simply offer "naked" and conclusory assertions, *Iqbal*, 556 U.S. at 678, to plausibly show: "(1) the existence of an express or implied agreement among the defendant officers to deprive [the plaintiff] of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010) (internal quotation marks

---

[6] Plaintiff indicates that the spelling of this Defendant's name may also be "Ariku." (Compl. at 3.)

omitted); *Klein v. Williams*, 714 F. Appx 631, 636 (9th Cir. 2017), *cert. denied*, 139 S. Ct. 76 (2018); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001).

Plaintiff's allegations of conspiracy are vague at best and fail to plead any factual support sufficient to plausibly show how the actions of Defendants demonstrates either an express or implied agreement to violate his constitutional rights. *See Avalos*, 596 F.3d at 592; *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 555 (2007) (Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level....") (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief [,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." *Id.*

For all these reasons, the Court finds Plaintiff's Complaint fails to allege any plausible claim for relief, and therefore, it must be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 8, as well as pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez,* 203 F.3d at 1126-27; *Rhodes,* 621 F.3d at 1004.

## III.  Conclusion and Orders

For the reasons discussed, the Court:

1.  **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2.  **DIRECTS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.  **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

/ / /

4.    **DISMISSES** Plaintiff's Complaint in its entirety for failing to comply with the Federal Rule of Civil Procedure 8 and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5.    **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

6.    The Clerk of Court is directed to mail a form civil rights complaint to Plaintiff for his use in amending.

**IT IS SO ORDERED**.

Dated:  June 5, 2019

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court