UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PATTON,<br>CDCR #AV-5870,<br><br>         Plaintiff,<br><br>vs.<br><br>OFFICER FLORES, et al.,<br><br>         Defendants. | Case No.: 3:19-cv-00659-WQH-LL<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO Fed. R. Civ. P. 60(b) [ECF No. 21]**<br><br>**(2) DISMISSING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)**<br><br>**AND**<br><br>**(3) DENYING MOTION FOR OSC/TRO [ECF No. 19]** |

More than a year ago, Plaintiff Michael Patton, a prisoner at California Medical Facility ("CMF"), and proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff has been granted leave to proceed in forma pauperis ("IFP"), but both his original and amended complaints have been dismissed sua

sponte pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), despite his having been notified of his pleading deficiencies and his having been granted multiple extensions of time in which to fix them. *See e.g.*, ECF Nos. 3, 5, 10, 14. On January 15, 2020, the Court dismissed Plaintiff's case entirely based both on his failure to state a claim and his failure to prosecute, certified that an IFP appeal would be frivolous, and directed the Clerk to enter a judgment and close the file. *See* ECF No. 16. The Clerk's Judgment was entered on January 21, 2020. *See* ECF No. 17.

More than two months later, Plaintiff submitted a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b), *see* ECF No. 21, a "Motion for Order to Show Cause ["OSC"] for a[] Preliminary Injunction and Temporary Restraining Order ["TRO"]" *see* ECF No. 19, and a proposed Second Amended Complaint ("SAC"). *See* ECF No. 23.

## I.  Motion for Relief from Judgment

In his Motion for Relief from Judgment, Plaintiff cites both Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(3), and asks the Court to "process [his] [Second] Amended Petition." *See* ECF No. 21 at 1.

Under Rule 60, a motion for seeking relief from a final judgment, order, or proceeding may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Rule 60(b) provides for relief where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[1]; (3) fraud, misrepresentation, or misconduct by an

---

[1] Plaintiff also cites to Fed. R. Civ. P. 59(e) (governing motions to alter or amend judgment). Rule 59(e) requires a motion to alter or amend judgment to be filed "no later than 28 days after the entry of judgment." Plaintiff's Motion was not filed until March 24, 2020. *See* ECF No. 21. And while the Court directed the Clerk to accept Plaintiff's Motion nunc pro tunc to March 16, 2020, the date it was received, both those dates are more than 28 days after entry of the Court's January 21, 2020 judgment. *See* ECF Nos. 20, 21. The

opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, prospective application is no longer equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)*; School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Plaintiff specifically seeks to vacate the Court's January 21, 2020, judgment pursuant to Fed. R. Civ. P. 60(b)(3). *See* ECF No. 21 at 1. Rule 60(b) permits "the court [to] relieve a party . . . from a final judgment, order, or proceeding" for various reasons, including "fraud . . . misrepresentation, or misconduct by an opposing party," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (6); *see also Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) ("Rule 60(b) 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005))); *Payton v. Davis*, 906 F.3d 812, 818 (9th Cir. 2018).[2]

---

Court further notes that Plaintiff's Rule 60(b) Motion, his OSC/TRO, and his proposed SAC were all signed and include "Certificates of Service" signed by him on March 9, 2020, *see* ECF No. 19 at 14; ECF No. 21 at 1; ECF No. 23 at 16, and all three were addressed to the Clerk and included in one envelope postmarked on March 10, 2020. *See* ECF No. 23 at 32–33. Pursuant to *Houston v. Lack*'s "prison mailbox rule," the Court considers all three documents constructively filed as of March 9, 2020—the date they were delivered to a CMF official for deposit in the prison's internal mail delivery system. *See Douglas v. Noelle,* 567 F.3d 1103, 1107 (9th Cir. 2009) ("*Houston* mailbox rule applies to § 1983 suits filed by pro se prisoners."); *Caldwell v. Amend,* 30 F.3d 1199, 1201 (9th Cir. 1994) (applying *Houston*'s mailbox rule to deadline for filing prisoner's Fed. R. Civ. P. 50(b) motion); *Smith v. Evans*, 853 F.2d 155, 161-62 (3d Cir. 1988) (applying prison mailbox rule to Rule 59(e) motions); *see also Jenkins v. Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003) (considering date a petition was signed as the earliest possible date applicable to mailbox rule).

[2] "Rule 60(b) is not meant to be a substitute for an appeal." *See Wolff v. California*, 236 F. Supp. 3d 1154, 1160–61 (C.D. Cal. 2017) (citing *U.S. v. N.E. Med. Servs., Inc*., 2016 WL 627417, *3 (N.D. Cal. Feb. 17, 2016) (citing *20th Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338 (9th Cir. 1981)).

In order to prevail on a Rule 60(b)(3) motion, Plaintiff "must prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented [him as] the losing party from fully and fairly presenting [a] defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc*., 206 F.3d 874, 880 (9th Cir. 2000)). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho*, 206 F.3d at 880 (citing *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987)). "Courts possess the inherent power to vacate or amend a judgment obtained by fraud on the court." *Dixon v. Comm'r*, 316 F.3d 1041, 1046 (9th Cir. 2003) (citing *Toscano v. Comm'r*, 441 F.2d 930, 933 (9th Cir. 1971)). However, "that power is 'narrowly construed, applying only to fraud that defiles the court or is perpetrated by officers of the court.'" *United States v. Chapman*, 642 F.3d 1236, 1240 (9th Cir. 2011) (quoting *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960)).

Plaintiff states that his Motion is filed due to "misconduct of an adverse party, preventing the other party from fully and fairly presenting his case." ECF No. 21 at 1. Attached to his single-paged Motion, Plaintiff includes an unsigned and undated Declaration, which appears to have been submitted in another case, and in which he claims to be both an *Armstrong* and a *Coleman* class member. *Id.* at 2, ¶¶ 4–5.[3] In this Declaration,

---

[3] *Armstrong* is a class action pending in the United States District Court for the Northern District of California which involves a "certified class of all present and future California state prison inmates and parolees with disabilities [who] sued California state officials in their official capacities, seeking injunctive relief for violations of the RA and the ADA in state prisons." *Armstrong v. Wilson*, 124 F.3d 1019, 1021 (9th Cir. 1997). "The *Coleman/Plata* actions are consolidated civil rights class actions pending in the United States District Court for the Eastern and Northern Districts of California." *Edelbacher v. Cal. Bd. of Parole Hearings*, No. 17-CV-04783-HSG (PR), 2017 WL 4340348, at *1 (N.D. Cal. Sept. 29, 2017). "The *Coleman* class action concerns the constitutional adequacy of the mental health care provided to CDCR inmates and involves the class of seriously mentally ill persons in California prisons. The *Plata* class action concerns the constitutional adequacy of CDCR's inmate medical health care and involves the class of state prisoners

Plaintiff claims to have been the "victim of staff misconduct," while he was "housed in Buildings 4 and 5 on Facility A at RJD [Richard J. Donovan Correctional Facility]" beginning in June 2017, and until he was transferred in October 2018. *Id.* at 2–5, ¶¶ 6–15. Several of the incidents of retaliation Plaintiff cites in this Declaration were also alleged in his First Amended Complaint ("FAC"). All recount conditions existing at RJD three years ago, and none of the allegations address any impediment Plaintiff may have faced in terms of amending his complaints or prosecuting *this* case, which was filed in April 2019, after he had already been transferred from RJD. *See* ECF No. 4 at 1 (noting Plaintiff's address at California State Prison–Los Angeles County ("LAC")); *see also* Notice of Change of Address (noting Plaintiff's transfer from LAC to CMF) ECF No. 15 at 1 (dated November 21, 2019).

Nothing in Plaintiff's Motion or his unsigned Declaration shows or even plausibly implies any fraud upon the Court, and nothing in the record suggests any misrepresentation or misconduct by the opposing parties in this case. Plaintiff's pleadings were dismissed sua sponte based on *his* failures to state a claim upon which § 1983 relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and *his* failure to prosecute. *See* ECF Nos. 3, 5, 16. As a result of his pleadings' deficiencies, no Defendants have ever been served. Therefore, Plaintiff cannot and has not pointed to any fraud, misrepresentation, or misconduct on the opposing parties' behalf, and Rule 60(b)(3) does not warrant reconsideration of the Court's January 21, 2020, judgment.

Plaintiff does not seek to vacate the Court's judgment in this case based on any mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence, and he fails to offer any other reason justifying relief pursuant to Fed. R. Civ. P. 60(b)(1), (2), (4),

---

with serious medical conditions. The Three-Judge Court presiding over these class actions has issued various orders related to prison overcrowding and has required the State of California to undertake prison population reduction measures." *Id.*

(5), or (6). Plaintiff's Motion for Relief from Judgment per Fed. R. Civ. P. 60(b) (ECF No. 21) is DENIED.

## II.     Second Amended Complaint

Even if the Court were to vacate its January 21, 2020, judgment, it further finds that the proposed Second Amended Complaint Plaintiff has submitted still fails to address the pleading deficiencies identified at length in its June 5, 2019, and September 9, 2019, screening Orders. *See* ECF No. 3 at 5–10; ECF No. 5 at 4–18. Because the SAC Plaintiff seeks to file fails to state a claim upon which § 1983 relief can be granted, it too is subject to sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

A.     <u>Initial Screening</u>

Because Plaintiff is a prisoner proceeding in forma pauperis, his SAC, like his original Complaint and his FAC before, is subject to pre–answer screening and dismissal if it is found is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).

## B. Allegations in Plaintiff's SAC

Although Plaintiff's original Complaint named 15 RJD correctional officials as Defendants, and his FAC named 6, but made "at least some reference" to almost all the original Defendants in its body, his SAC names only one Defendant, T. Williams, a dental hygienist. *See* SAC, ECF No. 23 at 1, 3, 4–8; *cf.* Compl. ECF No. 1 at 1–5; FAC, ECF No. 4 at 1–2, 3, 9–11, 13. Plaintiff continues to claim that during a September 29, 2017, dental appointment at RJD, Williams "repeatedly stab[ed] [his] teeth and gums" during an examination and refused to use "numbing medicine" when Plaintiff asked. *See* SAC, ECF No. 23 at 4. Plaintiff claims Williams was "mad" at him because he "had to rush to the dental office without [first] brush[ing] his teeth." *Id.* Plaintiff "believes the dental hygienist exhibited deliberate indifference" because she "knew [he] had gum disease." *Id.*

## C. Discussion

The allegations in Plaintiff's proposed SAC against Defendant Williams still fail to state a plausible Eighth Amendment claim for relief. *See Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In its September 9, 2019, Order, the Court advised Plaintiff that claims of inadequate dental care do not constitute cruel and unusual punishment in violation of the Eighth Amendment unless they rise to the level of "deliberate indifference." *See* ECF No. 5 at 15 (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Plaintiff was notified that the two part test for deliberate indifference requires him to plead facts sufficient to show (1) "a 'serious medical need' by demonstrating that failure to treat [his] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *See* ECF No. 5 at 15 (citing *Jett*, 439 F.3d at 1096).

Plaintiff was also advised that "[s]erious medical needs can relate to 'physical, dental and mental health,'" *see id.* (citing *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785 (9th Cir. 2019) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), *abrogated on other*

*grounds by Sandin v. Conner*, 515 U.S. 472 (1995)), but that a prison official like Defendant Williams does not act in a deliberately indifferent manner unless she is alleged to have "know[n] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff's SAC still fails to allege facts sufficient to support either the objective or the subjective components of an Eighth Amendment inadequate medical care claim. He now claims broadly to have had "gum disease," but he continues to offer no "factual enhancement" describing the objectively serious nature his dental condition or periodontitis on September 29, 2017. *See* SAC at 4; *Iqbal*, 556 U.S. at 678; *cf. Hunt v. Dental Dep't*, 865 F.2d 198, 199–200 (9th Cir. 1989) (finding three-month delay in denture replacement, alleged to have caused gum disease and weight loss, was sufficient to sustain an Eighth Amendment violation).

Instead, Plaintiff simply claims to have reported to dental hygienist Defendant Williams on one occasion, and to have experienced pain during that examination because he was not provided any "numbing medicine." *See* SAC, ECF No. 23 at 4; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (noting that "isolated occurrences of neglect" are insufficient to violate the Eighth Amendment). But like his FAC, Plaintiff's SAC still offers no further detail describing how or why Williams's alleged failure to administer an anesthetic during a single dental appointment was a decision taken with knowledge of or disregard to an excessive risk to either his dental health or his safety. *Farmer*, 511 U.S. at 837; *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (to allege deliberate indifference, the plaintiff "must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." (quoting *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc)).

At most, and as was true for his FAC, Plaintiff's SAC challenges only Williams' professional decision-making and methodology, and as such, his claims amount either to a

difference of opinion as to either his particular dental needs, or to Williams's failure to respond reasonably to a request for a numbing agent to relieve his discomfort. But neither plausibly rise to the level of cruel and unusual punishment. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Edmo*, 935 F.3d at 786 ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.") (citations omitted); *see also Tatum v. McGuinness*, No. CIVIL 08-0925 JAH (P), 2009 WL 112379, at *2 (E.D. Cal. Jan. 14, 2009) (finding claims that prison medical official improperly administered anesthesia failed to rise to the level of deliberate indifference and dismissing Eighth Amendment claims pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A). Inadequate treatment due to malpractice, or even gross negligence, as Plaintiff arguably asserts here, simply does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in constitutional claims stemming from alleged delays in administering pain medication, treating broken nose, and providing replacement crutch, because the claims did not amount to more than negligence).

Thus, for all these reasons, the Court finds Plaintiff's SAC also fails to state a claim upon which § 1983 relief can be granted, that dismissal of this civil action remains proper pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and that the Court's January 21, 2020, judgment of dismissal stands. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

### III.  Motion for OSC/TRO/Preliminary Injunction

Finally, the Court turns to documents submitted with Plaintiff's Rule 60(b) Motion and SAC entitled as a "Motion for Order to Show Cause for a[] Preliminary Injunction and

Temporary Restraining Order." *See* ECF No. 19.

In this Motion, Plaintiff simply cites to Fed. R. Civ. P. 65(a), and asks the Court to issue an OSC as to why a preliminary injunction should not issue against 11 RJD officials named in his original Complaint, but who were no longer named as parties in either his FAC or his SAC, *see* ECF No. 19 at 1–2, and several other LAC officers who have never been named as parties in any of his pleadings. *Id.* at 2. Plaintiff offers no factual support for his Motion whatsoever, and he provides no legal justification for the issuance of any extraordinary injunctive relief. Instead, Plaintiff merely attaches copies of a CDCR 1982 Reasonable Accommodation Request Form dated November 19, 2019, in which he requested that CMF officials replace a color TV and locate personal property he claims was lost during his transfer from LAC to CMF. *See* ECF No. 19 at 3–7.

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). An injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Moreover, "at an irreducible minimum," the party seeking immediate injunctive relief "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) (internal quotation marks and citation omitted)). Because the Court has consistently found that none of Plaintiff's complaints allege plausible claims upon which § 1983 relief can be granted, he cannot succeed on the merits, and has not shown irreparable harm. "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Williams v. Duffy*, No. 18-CV-06921-BLF, 2019 WL 95924, at *3 (N.D. Cal. Jan. 3, 2019) (denying prisoner's TRO based in conjunction with sua sponte screening and dismissal of complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A).

Accordingly, because Plaintiff has failed to state any plausible claim upon which § 1983 relief can be granted in this case, and the Court lacks personal jurisdiction over any of the persons he seeks to enjoin, his Motion for OSC/TRO is DENIED.

## IV. Conclusion and Orders

For the reasons explained, the Court:

(1) **DENIES** Plaintiff's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) [ECF No. 21];

(2) **DISMISSES** Plaintiff's Second Amended Complaint sua sponte for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) without further leave to amend;

(3) **DENIES** Plaintiff's Motion for OSC/TRO [ECF No. 19];

(4) **RE-CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(5) **DIRECTS** the Clerk of the Court to again close the file.

**IT IS SO ORDERED**.

Dated: August 13, 2020

Hon. William Q. Hayes
United States District Court